RIVERA, PETITIONER, *v.* LÓPEZ ACOSTA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of Guayama in an Action of Unlawful Detainer.

No. 277.—Decided April 8, 1920.

APPEAL—UNLAWFUL DETAINER—CERTIORARI.—An appeal from a judgment in unlawful detainer without the previous deposit of the rent due and to become due during the prosecution of the appeal will be dismissed for that reason, and a petition for a writ of certiorari is not affected by the fact that it was presented after judgment had been entered by the district court reversing that of the municipal court, for although the latter judgment was erroneous, the plaintiff had the right that it should not be reviewed on appeal unless the defendant-appellant complied with the statutory requirements.

ID.—ID.—The fact that the defendant in an action of unlawful detainer for failure to pay the rent set up the defense that payment had not been demanded does not excuse him from depositing the rent due and to become due during the prosecution of an appeal taken by him.

The facts are stated in the opinion.

*Mr. M. Guzmán Texidor* for the petitioner.

The respondent appeared by brief.

*Mr. M. A. Martínez Dávila* for the intervenor.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the petition for a writ of certiorari filed here by Esteban Rivera against the Judge of the District Court of

Guayama he stated that on September 18, 1919, he brought an action of unlawful detainer in the Municipal Court of Cayey against Sandalio Hernández, alleging that the latter held possession of a property of the plaintiff under a contract of lease entered into with the former owner of the property, beginning on May 12, 1915, and to expire on the same day and month of the year 1920, according to which the lessee was to pay $40 yearly in semi-annual instalments, each within the first ninety days of each semester, but had failed to pay for the semesters beginning November 12, 1918, and May 12, 1919; that judgment against the defendant having been entered by the municipal court on November 14, 1919, the defendant, on November 19, 1919, served the plaintiff with notice of an appeal therefrom, but filed the same on the following day, for which reason he moved the District Court of Guayama to dismiss the appeal because the notice of appeal had been filed in the municipal court after the time within which to appeal had elapsed and because the appellant had not deposited in the municipal court nor in the appellate court the amount of the rent due up to the date of the judgment, for the record did not show such deposit; that his motion was overruled and a day was set for the hearing; that at the second hearing and before the evidence was examined he again moved for dismissal on the ground that the appellant had not deposited the amount of the rent which had become due during the prosecution of the appeal, that is, the last semester of the contract which began on November 12, 1919, and would expire on May 12, 1920, which should have been paid or deposited within ninety days from the 12th of November, 1919; that the said motion was made on February 24, 1920, and the appellant admitted that he had neither paid or deposited the amount of the said instalment, notwithstanding which the motion was overruled.

Upon these allegations made under oath we issued the writ applied for and as a result thereof we have before us the

original record in the said action, together with a report of the district judge and briefs of the plaintiff and defendant, but none of the parties appeared at the hearing.

As regards the first ground of the petition, we find from the record that although the clerk filed the appeal from the judgment on November 20, 1919, the notice was delivered to him on the day before at 4:35 p. m., with acceptance of service by the appellee on that day; therefore we can not hold that the appeal was taken after the five days allowed by the Unlawful Detainer Act, to be counted from the date of the judgment (*Ramírez v. Pérez,* 25 P. R. R. 214), for the appellant complied with the law in delivering the notice of appeal to the clerk in time, albeit the clerk entered it in his books after that time, the case of *Rubert Hermanos v. The People of Porto Rico et al.,* 18 P. R. R. 826, being applicable by analogy. The filing is a duty of the clerk and not of the appellant.

Let us examine the other question relative to the failure to deposit the instalments of rent due when the appeal was taken and the instalment which became due while the appeal was pending.

The action in this case being based on the non-payment of the rent agreed upon, in order that the defendant might appeal from the judgment he was required to deposit with the clerk of the municipal court within the time allowed by law for taking the appeal not only the amount of the rent due, but also such instalments as became due during the pendency of the appeal, in accordance with sections 12 and 14 of the Unlawful Detainer Act. In this case the appellant did not deposit the instalments due when he took the appeal; therefore the appellee's motion in the district court for dismissal of the appeal for that reason should have been sustained. Nor did the appellant deposit the other instalment which became due while the appeal was pending, and for that reason also the appellee's motion for dismissal should have

been sustained, and the granting of the petition for a writ of certiorari by this court is not affected by the fact that this extraordinary right was asserted after judgment by the district court reversing the judgment appealed from, for although the judgment of the municipal court in favor of the plaintiff was erroneous, he had a clear right that it should not be reviewed on appeal unless the defendant-appellant complied with the requirements of law giving him a right to review the judgment on appeal.

Nor do we agree with the district judge that it was not the duty of the defendant-appellant to deposit the rent due and to become due because he had set up the defense that his failure to pay was due to the fact that the owner of the property had not demanded of him the payment of the rent, for if the appellant had to make the deposit, this would destroy his right to a demand for payment before the owner could bring the action of unlawful detainer.

Not only does the law not make such a distinction in actions of unlawful detainer for non-payment, but to accept the proposition of the district judge would be to add to the law words and meanings that it does not contain. Besides, the judgment of the municipal court against the defendant carried the presumption that he had failed to pay without any lawful justification, and in order to destroy that presumption by appeal it was necessary for the defendant to deposit the rent due on the day the appeal was taken and to deposit also such instalments as in time became due. Failing to comply with these statutory requisites, he had no right to have the judgment against him reviewed on appeal. The defendant did not make the deposits; therefore the District Court of Guayama was without jurisdiction of the appeal and it should be dismissed and the judgment set aside.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.